Gregory D. Miller
Gene Y. Kang
**RIVKIN RADLER LLP**
21 Main Street, Court Plaza South
West Wing, Suite 158
Hackensack, New Jersey 07601
Telephone: (201) 287-2460
Facsimile: (201) 489-0495

OF COUNSEL:
Terence P. Ross (to be admitted *pro hac vice*)
Christopher B. Ferenc
**KATTEN MUCHIN ROSENMAN LLP**
2900 K Street NW
North Tower – Suite 200
Washington, DC 20007-5118
Telephone: (202) 625-3500
Facsimile: (202) 298-7570

*Attorneys for Plaintiff, Entrust, Inc.*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **ENTRUST, INC.,** <br> **5430 LBJ Freeway** <br> **Dallas, Texas  75240,** <br><br>        **Plaintiff,** <br><br>    v. <br><br> **STRIKEFORCE TECHNOLOGIES, INC.,** <br> **1090 King Georges Post Road** <br> **Edison, New Jersey  08837,** <br><br>        **Defendant.** | **Civil Action No.** _____ <br><br> **JURY TRIAL DEMANDED** |

## COMPLAINT

Entrust, Inc. ("Entrust"), through its counsel, brings this Complaint for patent infringement against StrikeForce Technologies, Inc. ("StrikeForce") for infringement of U.S. Patent Nos. 6,728,884 and 7,010,582 (together, the "Patents-in-Suit") and alleges as follows.

## THE PARTIES

1. Plaintiff Entrust is a corporation organized under the laws of the State of Maryland with its principal place of business located at 5430 LBJ Freeway, Dallas, Texas. Entrust is a privately owned company that provides identity management and security software and services in the areas of public key infrastructure, multifactor authentication, SSL certificates, fraud detection, digital certificates and mobile authentication. Entrust employs more than 300 employees in multiple offices around the world. Entrust has customers in 60 countries, including both private and public organizations. Entrust owns almost 100 issued patents and pending patent applications.

2. Upon information and belief, Defendant StrikeForce is a corporation organized under the laws of the State of Wyoming with its principal place of business located at 1090 King Georges Post Road, Edison, New Jersey, which is within the Newark Division of this District.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1), because this is an action between citizens of different states and the matter in controversy exceeds $75,000, exclusive of interest and costs. In addition, the Court has jurisdiction pursuant to 28 U.S.C. § 1338(a).

4. StrikeForce is subject to personal jurisdiction in this District because it maintains its principal place of business within the State of New Jersey and within this District, located at

1090 King George Post Road, Edison, New Jersey. Upon information and belief, StrikeForce regularly conducts substantial business within the State of New Jersey, including making, using, offering for sale, selling and/or importing products that infringe one or more of the claims of the Patents-in-Suit. Accordingly, this Court has general jurisdiction over StrikeForce due to its continuous and systematic contacts with the State of New Jersey, including the commission of patent infringement within the State.

5. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and 28 U.S.C. § 1400(b) because StrikeForce has a regular and established place of business located at 1090 King George Post Road, Edison, New Jersey, within this District.

## FACTUAL BACKGROUND

6. U.S. Patent No. 6,728,884 (the "'884 Patent"), entitled "Integrating Heterogeneous Authentication and Authorization Mechanisms into an Application Access Control System," was duly and legally issued on April 27, 2004, by the United States Patent and Trademark Office. Entrust owns the '884 Patent. A true and correct copy of the '884 Patent is appended hereto as Exhibit A and incorporated herein by reference. Among other things, the '884 Patent teaches a method and apparatus for selectively authenticating and authorizing a client seeking access to one or more protected computer systems over a network.

7. U.S. Patent No. 7,010,582 (the "'582 Patent"), entitled "Systems and Methods Providing Interactions Between Multiple Servers and an End Use Device," was duly and legally issued on March 7, 2006, by the United States Patent and Trademark Office. Entrust owns the '582 Patent. A true and correct copy of the '582 Patent is appended hereto as Exhibit B and incorporated herein by reference. Among other things, the '582 Patent teaches methods and

systems for conveying access control information from a first server to a second server through an end user device.

8. Upon information and belief, StrikeForce has had knowledge of the '884 Patent and the '582 Patent since at least as early as the service of this Complaint upon it.

9. Upon information and belief, StrikeForce makes, uses, offers for sale, sells and/or imports at least one product in the United States and this District, which infringes one or more claims of each of the Patents-in-Suit. That product is currently branded by StrikeForce as "ProtectID."

10. Upon information and belief, ProtectID comprises at least the following components: (i) a Core; (ii) Agents; and (iii) Authentication Servers. *See* "ProtectID for Financial Services" whitepaper, appended hereto as Exhibit C at 4-5 (publicly available at: https://www.strikeforcetech.com/wp-content/uploads/2017/01/ProtectID_Financial_services.pdf, as last accessed on June 12, 2017). An exemplary diagram of the ProtectID architecture is reproduced below:

*Id.* at 4.

11. Upon information and belief, the ProtectID Core component further comprises a Controller (herein "Controller") that interfaces to the ProtectID Agents and ProtectID Authentication Servers components, processes messages from the ProtectID Agents component, and performs authentication operations. Ex. C at 4.

12. Upon information and belief, the ProtectID Agents component interfaces with: (i) the Controller; and (ii) a resource that generates a user authentication request. Ex. C at 5. ProtectID employs several different types of Agents components, including a Web Agent, RADIUS Agent, or ISAPI Agent. *Id.* The ProtectID Web Agent interfaces to a web application and processes HTTP messages sent by the application seeking to authenticate a user. *Id.* The ProtectID RADIUS Agent processes authentication requests sent to a RADIUS server (*e.g.*, Microsoft RADIUS Server ("IAS")) or a RADIUS proxy (*e.g.*, Cisco and Juniper RADIUS proxies). *Id*. The ProtectID ISAPI Agent is used to secure access to software that has web interfaces. *Id.*

13. Upon information and belief, the ProtectID Authentication Servers component interfaces with the Controller and is responsible for the user authentication process according to different methodologies, such as true out-of-band authentication or out-of-band credential passing authentication. Ex. C at 5; "ProtectID Whitepaper," appended hereto as Exhibit D at 8 (publicly available at: https://www.strikeforcetech.com/wp-content/uploads/2017/01/ProtectID_White_Paper.pdf, as last accessed on June 12, 2017).

14. Upon information and belief, ProtectID practices a computer-implemented method of selectively authenticating and authorizing a client seeking access to one or more networked computer systems that are protected by an access control system. S*ee, e.g.,* Exhibit C at 3 ("The ProtectID® platform is an integrated authentication platform that can be used for in-

5

house access to enterprise systems as well as offering 'out-of-band' two factor authentication to the customers of the financial institution."). *Id.*

15. Upon information and belief, the ProtectID Agents component receives a request of a client to access one or more computer systems. S*ee, e.g.,* Exhibit C at 3, 5. The ProtectID Agents component then requests a proxy security server (*e.g.*, the Controller) to authenticate the client using information identifying the client. *Id.* at 5. The ProtectID Authentication Servers component authenticates the client according to different methodologies, such as true out-of-band authentication or out-of-band credential passing authentication. *See, e.g., supra,* ¶ 13 (*citing* Ex. C at 5; Ex. D at 8). The ProtectID Agents component then receives an authorization of the client from the proxy security server (*e.g.*, the Controller) based on authentication results received from a remote security server (*e.g.*, the ProtectID Authentication Servers component) that is coupled to the proxy security server (*e.g.*, the Controller). *See, e.g.,* Ex. C at 4-5. ProtectID then establishes access rights of the client, based on one or more access information records received from the remote security server (*e.g.*, the ProtectID Authorization Servers component) through the proxy security server (e.g., the Controller), for use by the access control system in determining whether to grant the client access to the computer systems. *Id.*

16. Upon information and belief, ProtectID acts as an Identity Provider to authenticate users in a Federated Identity scenario. *See, e.g.,* Ex. D at 8-10 (identifying "Federated Identity" as an application secured by ProtectID). In a Federated Identity scenario, a user is allowed to log on to partner sites as long as the user is authenticated by an Identity Provider. *Id.* at 10. ProtectID acts as an Identity Provider through implementation of the Security Assertion Markup Language 2.0 ("SAML 2.0") standard. *Id.*

17. SAML 2.0 is a standard for exchanging authentication and authorization data between security domains. SAML 2.0 is a an XML-based protocol that uses tokens containing assertions to pass information about an end user between a SAML authority (*i.e.*, an Identity Provider) and a SAML consumer (*i.e.*, a Service Provider). SAML 2.0 enables web-based authentication and authorization scenarios including cross-domain single sign-on ("SSO"), which helps reduce the administrative overhead of distributing multiple tokens to the end user. An exemplary diagram showing a message exchange under the SAML 2.0 standard is reproduced below:



Ex. E, Section 3.5.5 (publicly available at: https://www.oasis-open.org/committees/ download.php/35387/sstc-saml-bindings-errata-2.0-wd-05-diff.pdf, as last accessed on June 12, 2017).

18. Upon information and belief, ProtectID practices a method of conveying access control information from one network device to another network device on a different domain through an end use device in a Federated Identity Scenario. *See*, *e.g.*, Ex. D at 8-10. ProtectID acts as the Identity Provider or SAML Responder through implementation of the SAML 2.0 standard. Ex. E, Sections 3.5.4 and 3.5.5. ProtectID receives an input message having a header portion and a content portion, with the input message containing an access control information embedded with the input message containing access control information embedded within the content portion. *Id.* ProtectID then responds with a response message having a header portion and a content portion, with the response message containing the access control information in the header portion and having a content portion containing the access control information and also containing instructions to send a subsequent message to another network device on a different network domain, the subsequent message having a content portion containing at least part of the access control information. *Id.*

**FIRST CLAIM FOR RELIEF**
**(Infringement of the '884 Patent)**

19. Entrust repeats and realleges each and every allegation of the foregoing Paragraphs 1-18 of this Complaint as if fully set forth herein.

20. Pursuant to 35 U.S.C. § 271(a), StrikeForce has directly infringed and continues to directly infringe the '884 Patent by making, using, selling, offering for sale, and/or importing into the United States products that incorporate or make use of one or more of the inventions disclosed by the '884 Patent, including but not limited to, systems, services, and/or software incorporating or implementing ProtectID. StrikeForce directly infringes one or more claims of the '884 Patent, including at least claim 1 of the '884 Patent.

21. Upon information and belief, ProtectID practices each and every element of at least claim 1 of the '884 Patent. For example, ProtectID practices a method of selectively authenticating and authorizing a client seeking access to one or more networked computer systems that are protected by an access control system (*see, e.g., supra,* ¶¶ 10-15). The ProtectID Agents component receives a request of a client to access one or more computer systems (*see, e.g., supra,* ¶¶ 12, 15). The ProtectID Agents component then requests a proxy security server (*e.g.,* the Controller) to authenticate the client using information identifying the client (*see, e.g., supra,* ¶¶ 12, 15). The ProtectID Authentication Servers component authenticates the client according to different methodologies, such as true out-of-band authentication or out-of-band credential passing authentication (*see, e.g., supra,* ¶¶ 13, 15). The ProtectID Agents component then receives an authorization of the client from the proxy security server (*e.g.,* the Controller) based on authentication results received from a remote security server (*e.g.,* the ProtectID Authentication Servers component) that is coupled to the proxy security server (*e.g.,* the Controller) (*see, e.g., supra,* ¶¶ 1, 13, 15). ProtectID then establishes access rights of the client, based on one or more access information records received from the remote security server (*e.g.,* the ProtectID Authorization Servers component) through the proxy security server (*e.g.,* the Controller), for use by the access control system in determining whether to grant the client access to the computer systems (*see, e.g., supra,* ¶ 12, 13 15).

22. Pursuant to 35 U.S.C. § 271(b), StrikeForce has indirectly infringed and continues to indirectly infringe the '884 Patent by actively inducing others to make, use, sell, offer for sale, and/or import into the United States ProtectID. StrikeForce distributes, makes, and/or advertises ProtectID in this District and elsewhere in the United States, including through at least StrikeForce's website and online demonstrations of the product (*see, e.g., supra,* ¶¶ 10 – 16).

9

23. Upon information and belief, with knowledge of the '884 Patent and its infringement thereof, StrikeForce provides support for installing and implementing ProtectID, as well as knowingly instructs and directs users/customers to use ProtectID in such a way as to directly infringe the '884 Patent.

24. Pursuant to 35 U.S.C. § 271(c), StrikeForce has indirectly infringed and continues to indirectly infringe the '884 Patent by knowingly providing to its customers ProtectID, which constitutes material components of the inventions disclosed by the '884 Patent, knowing the same to be especially made or adapted for use in an infringement of the '884 Patent, and not a staple article or commodity of commerce suitable for substantial non-infringing use.

25. StrikeForce puts ProtectID into service and exercises control over said systems.

26. StrikeForce had and/or has knowledge of the '884 Patent and its infringement thereof, at least as early as the filing of this Complaint.

27. StrikeForce's customers directly infringe one or more claims of the '884 Patent by using ProtectID.

28. Upon information and belief, StrikeForce knowingly provides its customers with products, specifically ProtectID, that infringe the '884 Patent.

29. Upon information and belief, through its marketing activities, instructions and directions, and through the sales and offers for sale of ProtectID, StrikeForce specifically intends for, and/or specifically encourages and instructs its customers to use ProtectID in a manner that infringes the '884 Patent.

30. As a direct and proximate result of StrikeForce's direct infringement, inducement of direct infringement, and contributory infringement of the '884 Patent, Entrust has suffered injury and monetary damage for which it is entitled to recover damages.

31. Unless enjoined, StrikeForce will continue to engage in direct infringement, inducement of direct infringement, and contributory infringement of the '884 Patent and will cause additional irreparable injury to Entrust for which it has no remedy at law.

32. Upon information and belief, StrikeForce's direct infringement, inducement of direct infringement, and contributory infringement has been and continues to be with full knowledge of the '884 Patent, at least as early as the filing date of this Complaint. StrikeForce's knowing, willful and deliberate infringement of one or more claims of the '884 Patent, including at least claim 1, in conscious disregard of Entrust's rights, makes this case exceptional within the meaning of 35 U.S.C. § 285 and justifies treble damages pursuant to 35 U.S.C. § 284, as well as attorneys' fees pursuant to 35 U.S.C. § 285.

### SECOND CLAIM FOR RELIEF
### (Infringement of the '582 Patent)

33. Entrust repeats and realleges each and every allegation of the foregoing Paragraphs 1-32 of this Complaint as if fully set forth herein.

34. Pursuant to 35 U.S.C. § 271(a), StrikeForce has directly infringed and continues to directly infringe the '582 Patent by making, using, selling, offering for sale, and/or importing into the United States products that incorporate or make use of one or more of the inventions disclosed by the '582 Patent, including but not limited to, systems, services, and/or software incorporating or implementing ProtectID. StrikeForce directly infringes one or more claims on the '582 Patent, including at least claim 14 of the '582 Patent.

35. Upon information and belief, ProtectID practices each and every element of at least claim 14 of the '582 Patent. For example, ProtectID practices a method of conveying access control information from one network device to another network device on a different domain through an end user device (*see, e.g.*, *supra,* ¶¶ 16-18). ProtectID receives an input

11

message having a header portion and a content portion, with the input message containing an access control information embedded with the input message containing access control information embedded within the content portion (*see, e.g.*, *supra*, ¶¶ 16-18). ProtectID then responds with a response message having a header portion and a content portion, with the response message containing the access control information in the header portion and having a content portion containing the access control information and also containing instructions to send a subsequent message to another network device on a different network domain, the subsequent message having a content portion containing at least part of the access control information (s*ee, e.g.*, *supra,* ¶¶ 16-18).

36. Pursuant to 35 U.S.C. § 271(b), StrikeForce has indirectly infringed and continues to indirectly infringe the '582 Patent by actively inducing others to make, use, sell, offer for sale, and/or import into the United States ProtectID. StrikeForce distributes, makes, and/or advertises ProtectID in this District and elsewhere in the United States, including through at least StrikeForce's website and online demonstrations of the product (*see, e.g.*, *supra,* ¶¶ 10 - 16).

37. Upon information and belief, with knowledge of the '582 Patent and its infringement thereof, StrikeForce provides support for installing and implementing ProtectID, as well as knowingly instructs and directs users/customers to use ProtectID in such a way as to directly infringe the '582 Patent.

38. Pursuant to 35 U.S.C. § 271(c), StrikeForce has indirectly infringed and continues to indirectly infringe the '582 Patent by knowingly providing to its customers ProtectID, which constitute material components of the inventions disclosed by the '582 Patent, knowing the same to be especially made or adapted for use in an infringement of the '582 Patent, and not a staple article or commodity of commerce suitable for substantial non-infringing use.

39. StrikeForce puts ProtectID into service and exercises control over said systems.

40. StrikeForce had and/or has knowledge of the '582 Patent and its infringement thereof, at least as early as the filing of this Complaint.

41. StrikeForce's customers directly infringe one or more claims of the '582 Patent by using ProtectID.

42. Upon information and belief, StrikeForce knowingly provides its customers with products, specifically ProtectID, that infringe the '582 Patent.

43. Upon information and belief, through its marketing activities, instructions and directions, and through the sales and offers for sale of ProtectID, StrikeForce specifically intends for, and/or specifically encourages and instructs its customers to use ProtectID in a manner that infringes the '582 Patent.

44. As a direct and proximate result of StrikeForce's direct infringement, inducement of direct infringement, and contributory infringement of the '582 Patent, Entrust has suffered injury and monetary damage for which it is entitled to recover damages.

45. Unless enjoined, StrikeForce will continue to engage in direct infringement, inducement of direct infringement, and contributory infringement of the '582 Patent and will cause additional irreparable injury to Entrust for which it has no remedy at law.

46. Upon information and belief, StrikeForce's direct infringement, inducement of direct infringement, and contributory infringement has been and continues to be with full knowledge of the '582 Patent, at least as early as the filing date of this Complaint. StrikeForce's knowing willful and deliberate infringement of one or more claims of the '582 Patent, including at least claim 14, in conscious disregard of Entrust's rights, makes this case exceptional within

the meaning of 35 U.S.C. § 285 and justifies treble damages pursuant to 35 U.S.C. § 284, as well as attorneys' fees pursuant to 35 U.S.C. § 285.

WHEREFORE, Plaintiff Entrust prays for judgment in its favor and against StrikeForce as follows:

A. A permanent injunction against StrikeForce's continued direct and contributory infringement of the '884 Patent and the '582 Patent, as well as against continued inducement of infringement of these patents;

B. An award to Entrust of all damages caused by StrikeForce in an amount to be determined at trial;

C. A finding that StrikeForce's infringement was willful entitling Entrust to an award of treble damages pursuant to 35 U.S.C. § 284;

D. A finding that StrikeForce's infringement constitutes an exceptional case entitling Entrust to an award of its attorneys' fees pursuant to 35 U.S.C. § 285;

E. An award to Entrust of pre-judgment interest at the maximum legal rate from the earliest date allowed until the date of judgment;

F. An award to Entrust of post-judgment interest at the maximum legal rate pursuant to 28 U.S.C. § 1961;

G. An award to Entrust of all costs incurred by it in connection with this lawsuit pursuant to 28 U.S.C. § 1920; and

H. Such other and further relief as the Court may deem just.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all causes of action triable by jury.

| | |
|---|---|
| Dated: June 13, 2017 | Respectfully submitted, |
| | /s/ Gregory D. Miller |
| | Gregory D. Miller |
| Of Counsel | RIVKIN RADLER |
| | 21 Main Street |
| Terence P. Ross | Hackensack, NJ  07601 |
| Christopher B. Ferenc | Telephone:  (201) 287-2474 |
| KATTEN MUCHIN ROSENMAN LLP | Facsimile:  (201) 489-0495 |
| 2900 K Street, N.W. | gregory.miller@rivkin.com |
| Suite 200 | |
| Washington, D.C.  20007 | *Attorneys for Plaintiff* |
| Telephone: (202) 625-3500 | *Entrust, Inc.* |
| Facsimile: (202) 298-7570 | |
| terence.ross@kattenlaw.com | |
| christopher.ferenc@kattenlaw.com | |

## CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 11.2

Pursuant to Local Civil Rule 11.2, I hereby certify that the matter in controversy is not the subject of any other action pending in any court, or of any pending arbitration or administrative proceeding.

I hereby certify under penalty of perjury that the foregoing is true and correct.

                                              By: /s/ Gregory D. Miller
                                                    Gregory D. Miller, Esq.

Dated: June 13, 2017

## **CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 201.1**

Pursuant to Local Civil Rule 201.1, I hereby certify that the above-captioned matter is not subject to compulsory arbitration in that Plaintiff seeks, *inter alia*, in excess of $150,000 and equitable relief.

I hereby certify under penalty of perjury that the foregoing is true and correct.

By: /s/ Gregory D. Miller
Gregory D. Miller, Esq.

Dated: June 13, 2017